In the Matter of the Estate of CARL HARRINGTON, Deceased.

Surrogate's Court, Oneida County, January 16, 1931.

98

*Schmidt & Peterson*, for the petitioner.

EVANS, S. The testator executed his will on November 21, 1912. According to its terms the testator bequeathed to his widow, Anna Couch Harrington, all of his personal property. He next directed his executor to sell and convey all of his real property and to pay to the widow one-half of the proceeds, the other half to be divided equally among the children of a brother of the testator.

Then followed the usual clause appointing an executor with a general power to sell real property and to execute conveyances to the purchasers.

Following this provision is a clause as follows: " My executor shall consult with my wife regarding the sale of my real estate and shall not be at liberty to sell the same unless with her free and voluntary consent."

The testator left real property located in Ilion, N. Y., and in Waterville, N. Y.

The executor named in the will died prior to the testator, and on July 14, 1926, he executed a codicil naming the Ilion National Bank as executor, giving to it the same authority as was given to the executor named in the will and also subjecting it to the same *limitations.*

The widow consented to the sale of the Ilion property and declined to consent to a sale of the Waterville property.

The executor desires a determination as to whether the widow is entitled to dower in the real property, and also what under the existing circumstances are its powers and duties with reference to the Waterville property. We have here a positive direction that the executor sell the real property and the manner of disposition of the proceeds is plain.

To this extent the situation is clarified and free from the burden of seeking an implied intent.

By this direction the testator effected an equitable conversion of the real property.

" Equity regards that done, that should be done."

The powers of an executor are derived both from the will and by statute. A testator may provide for the payment of legacies coupled with exacting conditions. Unless a condition is contrary to law such a restriction must be observed. The portion of this will as it applies to the power of the executor to sell real property, I think must be read as a whole.

The mandatory direction to sell and the general power of sale must be considered as modified by the requirement of consent by the widow. The intent of the testator seems to be clear and cannot be ignored. I have found no reported case with this particular feature, but on general principles a testator may impose restrictions as to time, manner and purpose of the sale of real property by an executor.

This testator executed a codicil fourteen years after the will was executed, and it is to be noted that he there referred to the " limitations " imposed upon the executor, showing a continuity of testamentary intent.

Until the death of the widow or until such time as she may consent to a sale of the Waterville property, the executor will act as a trustee in collecting and distributing the rent of the unsold property.

The other question presented is whether the widow is entitled to dower. I think that this must be answered in the affirmative. Dower is not excluded by a provision for the wife except by express words or necessary implications. Where there are no express words there must be on the face of the will a demonstration of the intent of the testator that the widow shall not take both dower and the provision. This demonstration is furnished only where there is a clear incompatibility arising on the face of the will between a claim of dower and a claim to the benefit of the provision. (*Konvalinka* v. *Schlegel*, 104 N. Y. 125.)

This is a small estate. The testator left no children and the natural object of his bounty is his widow. Her comfort was

naturally the first consideration of the testator. The amount that she will receive is small in any event. I think that a finding in favor of dower rights is in harmony with the spirit and purpose of the will.

If a sale of the real property is made, the dower interest of the widow should be deducted as based on the value of her life expectancy and the balance divided by paying to the widow one-half and the other half to the legatees named in the will. Rent should be apportioned by first paying the widow one-third representing her dower interest, and the remaining two-thirds shall be divided by paying to the widow one-half thereof and the other half remaining to be equally divided among the legatees named in the will.